1
2
3
4
5
6
## UNITED STATES DISTRICT COURT

7
## SOUTHERN DISTRICT OF CALIFORNIA

8

9
| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 14CR3057WQH |
| Plaintiff, | CASE NO. 18CV0883 WQH |
| vs. | ORDER |
| VICTOR JESUS GASTELUM (5), | |
| Defendant. | |

13
HAYES, Judge:

14
    The matter before the Court is the Motion under 28 U.S.C. § 2255 to vacate, set

15
aside or correct sentence by a person in federal custody. (ECF No. 557). Defendant

16
moves the court to vacate his conviction and sentence stating that he is "applying for

17
the benefit of the 2.5 reduction of time of this sentence." (ECF No. 557 at 4).

18
Defendant does not set forth any grounds for relief or supporting facts in support of the

19
grounds for relief. The Court finds that the issues raised in the petition are appropriate

20
for summary disposition.

21
## APPLICABLE LAW

22
    28 U.S.C. §2255 provides that "A prisoner under sentence of a court established

23
by Act of Congress claiming the right to be released upon the ground that the sentence

24
was imposed in violation of the Constitution or laws of the United States, or that the

25
court was without jurisdiction to impose such sentence, or that the sentence was in

26
excess of the maximum authorized by law, or is otherwise subject to collateral attack,

27
may move the court which imposed the sentence to vacate, set aside or correct the

28
sentence." A district court must summarily dismiss a § 2255 application "[i]f it plainly

appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District courts. When this standard is satisfied, neither a hearing nor a response from the government is required. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

## RULING OF THE COURT

In this case, the record conclusively shows that the Defendant has waived his right to bring a § 2255 motion. In exchange for the Government's concessions in the plea agreement, the Defendant waived "all rights to appeal and to collaterally attack every aspect of the conviction and sentence. The only exceptions are 1) Defendant may appeal a custodial sentence above the high end of the guideline range recommended by the Government at sentencing . . . , and 2) Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel." (ECF No. 527 at 11-12). This waiver is clear, express and unequivocal. Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 298 F.3d 1149, 1153 (9th Cir. 2005).

At the time of sentencing, the Government recommended an adjusted offense level of 27 and a resulting guideline range of 70-87 months. (ECF No. 547). The Government recommended a sentence of 60 months. (ECF No. 547).[1] The Court imposed a sentence of 60 months. (ECF No. 552 at 2). Pursuant to the terms of the plea agreement, the Defendant waived his right to collaterally attack the sentence imposed.

Further, it plainly appears from the face of the petition and the record of prior proceedings that the Defendant is not entitled to relief. The motion fails to set forth any

---

[1] The Plea Agreement stated "The parties will jointly recommend a 60-month custodial sentence unless any applicable mandatory minimum applies in which case the parties will recommend that Defendant be sentenced to the mandatory minimum sentence." (ECF No. 572 at 10-11).

grounds for relief or supporting facts in support of any grounds for relief.

IT IS HEREBY ORDERED that the motion for time reduction by an inmate in federal custody under 28 U.S.C. § 2255 (ECF No. 557) filed by the Defendant is denied.

DATED: May 9, 2018

William Q. Hayes

**WILLIAM Q. HAYES**
United States District Judge